**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**November 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **J.R-S., M.R-S., and T.S.**

**No. 18-0671** (Taylor County16-JA-95, 16-JA-96, and 16-JA-97)

**MEMORANDUM DECISION**

Petitioner Father A.R-S., by counsel Mary S. Nelson, appeals the Circuit Court of Taylor County's June 19, 2018, order terminating his parental rights to J.R-S., M.R-S., and T.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ashley V. Williams Hunt, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights instead of utilizing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 22, 2016, the DHHR filed an abuse and neglect petition alleging that petitioner and the mother abused substances and engaged in domestic violence in the children's presence. The DHHR further alleged that petitioner failed to protect the children because he repeatedly exposed them to domestic violence and substance abuse in the home. On February 21, 2017, the circuit court held an adjudicatory hearing. According to the adjudicatory order, petitioner admitted to the allegations in the petition. Specifically, petitioner admitted that he had a history of substance abuse, failed to provide the children with necessary supervision, and engaged in domestic violence in the children's presence. Petitioner was adjudicated as an abusing parent and granted a post-adjudicatory improvement period.

On January 2, 2018, the circuit court held a dispositional hearing. Petitioner did not attend the hearing, but was represented by counsel. A Child Protective Services ("CPS") worker testified that petitioner and the mother had recently relapsed and were again abusing substances. The CPS worker also testified that petitioner and the mother relocated to Morgantown, West Virginia, and were residing with a known drug addict. Counsel for petitioner informed the circuit

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

court that prior to his relapse, petitioner completed a twenty-eight-day inpatient substance abuse treatment program and participated in a multidisciplinary treatment team ("MDT") meeting in December of 2017. Counsel moved the circuit court to grant petitioner a post-dispositional improvement period.[2] The DHHR and the guardian recommended terminating petitioner's parental rights. In its June 19, 2018, dispositional order, the circuit court found that petitioner failed to comply with the terms and conditions of his post-adjudicatory improvement period. The circuit court also found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of his parental rights was consistent with the children's best interests.[3] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights. In support, petitioner contends that he should have been granted a post-dispositional improvement period. We disagree. West Virginia Code § 49-4-610(3)(D) provides that when a parent has previously been granted an improvement period, the parent must prove that "since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and that "due to that change in circumstances, the [parent] is likely to fully participate in the improvement[.]" Additionally, we have stated that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015).

---

[2]The circuit court did not rule on this motion in its dispositional order.

[3]According to the parties, the parental rights of the mothers of J.R-S. and M.R-S. were also terminated. T.S.'s mother is a nonabusing parent. According to the parties, the permanency plan for T.S. is to remain in the care and custody of his nonabusing mother. The permanency plan for J.R-S. and M.R-S. is adoption by their paternal grandparents.

While petitioner argues that he was "offered little to no services to assist him in addressing his substance abuse and exposure to domestic violence," the record shows that he was offered services and completed a substance abuse treatment program. However, following the completion of this program, petitioner resumed his substance abuse and moved into the home of a known drug addict. Further, petitioner does not provide any evidence of a change in his circumstances that demonstrated that he would be likely to participate in a post-dispositional improvement period; therefore, he did not meet the applicable burden to receive one. As such, we find no error.

We also find no error in the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(1) provides there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when "[t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment[.]" The record shows that petitioner failed to participate in services during his post-adjudicatory improvement period, continued to abuse substances during the proceedings, and moved into a home with a known drug addict. After his attendance at the MDT meeting in December of 2017, petitioner ceased participation in the abuse and neglect proceedings and failed to attend the dispositional hearing without explanation. Due to his continued abuse of substances and failure to participate in the proceedings, it is clear that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of his parental rights was in the children's best interests.

While petitioner argues that the circuit court should have utilized a less-restrictive dispositional alternative, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, the termination of petitioner's parental rights was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 19, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  November 19, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment